UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DILLON<br>Plaintiff<br><br>V.<br><br>EXPEDITION FISHING CO., INC.<br>Defendant | 05 11352 RWZ<br>Civil Action<br>No.<br>RECEIPT # _____<br>AMOUNT $ N/A<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. M.P.<br>DATE 1/27/2005 |

## PLAINTIFF'S COMPLAINT

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

MAGISTRATE JUDGE RBC

### General Factual Allegations

1. The Plaintiff, James Dillon, is a resident of Fairhaven, County of Bristol, Commonwealth of Massachusetts.

2. The Defendant, Expedition Fishing Co., Inc., is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. In June, 2002, the Defendant, Expedition Fishing Co., Inc., was doing business within the Commonwealth of Massachusetts.

4. In June, 2002, the Plaintiff, James Dillon, was employed by the Defendant, Expedition Fishing Co., Inc.

5. In June, 2002, the Plaintiff, James Dillon, was employed by the Defendant, Expedition Fishing Co., Inc., as a seaman, and a member of the crew of the F/V DONNY C.

6. In June, 2002, the Defendant, Expedition Fishing Co., Inc., owned the F/V

DONNY C.

7. The Defendant, Expedition Fishing Co., Inc., chartered the F/V DONNY C from some other person or entity such that in June, 2002 the Defendant, Expedition Fishing Co., Inc. was the owner pro hac vice of the F/V DONNY C.

8. In June, 2002, the Defendant, Expedition Fishing Co., Inc., operated the F/V DONNY C.

9. In June, 2002, the Defendant, Expedition Fishing Co., Inc., or the Defendant's agents, servants, and/or employees, controlled the F/V DONNY C.

10. In June, 2002, the F/V DONNY C was in navigable waters.

11. In June, 2002, while the service of the F/V DONNY C, the Plaintiff, James Dillon, began to experience symptoms of lyme disease.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, James Dillon, was exercising due care.

### Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to the Court's admiralty jurisdiction.

### COUNT I

### James Dillon v. Expedition Fishing Co., Inc.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

14. The Plaintiff, James Dillon, reiterates all of the allegations set forth in Paragraphs 1 through 13 above.

15. As a result of the symptoms described in paragraph 11 above, the Plaintiff, James Dillon, sought medical treatment on July 2, 2002 at which time he was diagnosed with lyme disease.

16. As a result of his treatment for lyme disease the Plaintiff, James Dillon, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, James Dillon, demands judgment against the Defendant, Expedition Fishing Co., Inc., in the amount of $100,000 for maintenance and cure, together with costs and interest.

## COUNT II

### James Dillon vs. Expedition Fishing Co., Inc.

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

17. The Plaintiff, James Dillon, reiterates the allegations set forth in paragraphs 1 through 16 above.

18. As a result of his contracting lyme disease, the Plaintiff, James Dillon, has incurred and will continue to incur expenses for his maintenance and cure.

19. The Plaintiff, James Dillon, has made demand upon the Defendant, Expedition Fishing Co., Inc., for the provision of maintenance and cure.

20. The Defendant, Expedition Fishing Co., Inc., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

21. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, James Dillon, demands judgment against the Defendant, Expedition Fishing Co., Inc., in an amount to be determined by the Court as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

> Respectfully submitted for the
> the Plaintiff, James Dillon,
> by his attorney,
>
> _____
> David F. Anderson, BBO 560994
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000

Dated: 6/24/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   JAMES DILLON V. EXPEDITION FISHING CO., INC.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   05-11352 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court. NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   DAVID F. ANDERSON, ESQUIRE, LATTI & ANDERSON LLP
ADDRESS           30-31 UNION WHARF, BOSTON, MA 02109
TELEPHONE NO.     (617) 523-1000

(Coversheetlocal[1].wpd - 10/17/02)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
JAMES DILLON

## DEFENDANTS
EXPEDITION FISHING CO., INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: BRISTOL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: BRISTOL
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DAVID F. ANDERSON, BBO #560994, LATTI & ANDERSON LLP
30-31 UNION WHARF, BOSTON, MA 02109 (617) 523-1000

ATTORNEYS (IF KNOWN)

05-11352RWZ

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) JONES ACT AND GENERAL MARITIME LAW FOR UNSEAWORTHINESS

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $_____
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 6/27/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____